UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MICHAEL D'ONOFRIO,                                          :
               Petitioner,                          :
                                    :     **MEMORANDUM OPINION**
v.                                                          :     **AND ORDER**
                                    :
ANTHONY J. ANNUCCI, Acting                                  :     16 CV 1740 (VB)
Commissioner, New York State Department of                  :
Corrections and Community Supervision,                      :
               Respondent.                          :
--------------------------------------------------------------x

Briccetti, J.:

      Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation

("R&R"), dated October 23, 2018 (Doc. #25), on Michael D'Onofrio's pro se petition for a writ

of habeas corpus. Petitioner was convicted in Supreme Court, Westchester County, on his plea

of guilty to three counts of burglary in the second degree, and sentenced principally to concurrent

terms of ten years' imprisonment on each count.

      Judge Davison recommended that the Court deny the petition in its entirety. Specifically,

Judge Davison found that (i) the decision of the Appellate Division, Second Department,

upholding petitioner's waiver of appeal as knowing and voluntary was not contrary to, or an

unreasonable application of, clearly established Supreme Court precedent; (ii) petitioner's claim

that the trial court erroneously denied his suppression motion was procedurally barred from

habeas review; and (iii) petitioner's remaining claims (that his guilty plea was not knowing,

voluntary, and intelligent, and that his trial counsel was ineffective), although unexhausted, were

meritless.

      For the following reasons, the R&R is adopted as the opinion of the Court, and the

petition is DENIED.

      Familiarity with the factual and procedural background of this case is presumed.

I.      Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail.  See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review.  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).  As petitioner is proceeding pro se, this Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'"  Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

"Habeas review is an extraordinary remedy."  Bousley v. United States, 523 U.S. 614, 621 (1988).  Accordingly, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is entitled to habeas corpus relief only if he can show that in adjudicating his claim on the merits, the state court either (i) unreasonably applied, or made a decision contrary to, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court

proceeding. 28 U.S.C. § 2254(d)(1)-(2). The state court's determination of factual issues is presumptively correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Moreover, when a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent. Clark v. Perez, 510 F.3d 382, 391 (2d Cir. 2008). Finally, a petitioner's unexhausted claims can be denied on their merits under a de novo standard of review. 28 U.S.C. § 2254(b)(2); see Berghuis v. Thompkins, 560 U.S. 370, 390 (2010).

Neither party objected to Judge Davison's thorough and well-reasoned R&R.

The Court has carefully reviewed the R&R and the underlying record and finds no error, clear or otherwise.

## CONCLUSION

Accordingly, the Court adopts the R&R as the opinion of the Court, and the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

The Clerk is further instructed to mail a copy of this Memorandum Opinion and Order to petitioner at the address on the docket, and also to mail a copy to petitioner at the following address:

Michael D'Onofrio
2830 Middletown Road
2nd Floor Apartment
Bronx, NY 10461

As noted in the R&R, petitioner was released to parole supervision on February 28, 2018.

Accordingly, Acting Commissioner Anthony J. Annucci, New York State Department of

Corrections and Community Supervision, is substituted as respondent, and the Clerk is instructed to amend the caption to reflect the substitution.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated:  November 29, 2018
        White Plains, NY

                                    SO ORDERED:


                                    _____
                                    Vincent L. Briccetti
                                    United States District Judge